## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF KENTUCKY

## SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MARTIN J. WALSH, ) | |
| Secretary of Labor, United States ) | |
| Department of Labor, ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| Z4 FUELS, LLC, PARVEZ KHUTLIWALA, ) | (Injunctive Relief Sought) |
| and RAHIM ALI, ) | |
| ) | |
|     Defendants ) | |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter the Act or the FLSA, is brought by the Secretary of Labor to restrain Defendants, Z4 Fuels, LLC, Parvez Khutliwala, and Rahim Ali, from retaliating against employees in violation of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

Employees engaged in protected activity when they complained to and communicated with, or were about to communicate with, the Secretary's representative in connection with the Secretary's investigation of Defendants under the FLSA. Defendants have retaliated against employees by: (1) threatening to discipline employees who talk to the Department of Labor, (2) requesting that employees sign false statements indicating that they never worked more than 40 hours per week, (3) berating and belittling employees, telling employees that they owed Defendants money, and (4) demoting two employees and changing these employees' schedules.

The Secretary is authorized to seek injunctive relief to restrain violations of the FLSA. *See* 29 U.S.C. § 217. Because Defendants have retaliated against employees, and have threatened further retaliation if employees provide information to the Department of Labor, the Secretary seeks an order from this Court enjoining Defendants and those acting on their behalf from violating Section

15(a)(3) of the FLSA through any further intimidation, harassment, or other adverse action as a result of the employees' protected activity.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the U.S. District Court for the Eastern District of Kentucky because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Parties

3. Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor, is authorized to bring actions to restrain violations of the anti-retaliation provision and other provisions of the FLSA. *See* 29 U.S.C. §§ 211(a), 216(b), and 217.

4. Defendant Z4 Fuels, LLC is a limited liability company organized under the laws of Kentucky with a principal office and place of business located at 5903 Kentucky Highway 28, Chavies, Kentucky 41727. Z4 Fuels, LLC operates a gas station and convenience store, known as Chavies Food Mart, at this location in Perry County, Kentucky.

5. Defendant Parvez Khutliwala is a member and managing agent of Z4 Fuels, LLC. Defendant Rahim Ali is also a managing agent of Z4 Fuels, LLC.

### The Department of Labor Investigation

6. In November of 2021, the U.S. Department of Labor, through its Wage and Hour Division, began an investigation of Defendants. The investigation began after the Department received a complaint from an employee of Defendants.

7. During the course of its investigation, the Wage and Hour Division interviewed

employees and requested certain records from Defendants.

8. The Wage and Hour Division ultimately concluded, among other things, that the Defendants were not paying employees as required by Section 7 of the FLSA, 29 U.S.C. § 207. Specifically, Defendants failed to compensate employees for overtime hours. The Wage and Hour Division computed back wages totaling more than $50,000 due to the violations at issue.

9. In March of 2022, the Wage and Hour Division informed Defendants of the violations and requested that they come into compliance and pay back wages.

## **Defendants' Unlawful Retaliation**

10. Subsequently, on or about March 9, 2022, Defendants, believing that employees complained to the Wage and Hour Division and that employees were continuing to talk to investigators from the Division, began questioning employees regarding the hours that they worked at the gas station. Defendants also requested that employees sign affidavits saying that they never worked more than 40 hours per week, which is not accurate. Defendants returned to the establishment the following day and attempted to get other employees to sign these false statements. Many employees refused to sign, but they reported to the Wage and Hour Division that they felt threatened and intimidated by Defendants' actions. In addition, Defendants continued to harass employees in the days that followed, attempting to persuade employees to accept a back wage figure that was less than what was computed by the Wage and Hour Division.

11. On or about March 17, 2022, Defendants again questioned employees regarding the Department's investigation and the hours that they worked. Two employees were demoted and their schedule was changed from a regular, set schedule to a rotating schedule that included weekends. These employees were not scheduled to work weekends prior to the change.

12. On or about March 18, 2022, Defendants again questioned employees about the Department's investigation. Employees were berated and belittled by Defendants. Defendants

informed employees that they were missing money and that employees owed them (Defendants) money, suggesting that employees were stealing from the store. Employees were also told that Defendants are watching them on the security cameras and that they would be disciplined if they were caught speaking with investigators from the Wage and Hour Division.

## FIRST CAUSE OF ACTION

### (Violation of the Anti-Retaliation Provision of the FLSA)

13. Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding …" 29 U.S.C. § 215(a)(3). Section 17 of the FLSA, 29 U.S.C. § 217, grants courts jurisdiction, for cause shown, to restrain violations of Section 15(a)(3) of the FLSA.

14. Defendants have violated and continue to violate Section 15(a)(3) by retaliating against and intimidating employees because they complained to the Department of Labor regarding their pay and because they engaged in the protected activity of communicating with (or being about to communicate with) the Department of Labor in connection with an investigation.

15. Defendants' retaliatory conduct includes: (1) threatening to discipline employees who provide information to the Department of Labor, (2) requesting that employees sign false statements indicating that they never worked more than 40 hours per week, (3) berating and belittling employees, telling them that Defendants were missing money and suggesting that employees were stealing from the establishment, and (4) demoting two employees and changing these employees' schedules to include less favorable shifts.

16. As a result of Defendants' actions, any reasonable employee would be

dissuaded from engaging in activities protected under the FLSA, such as complaining about unpaid wages or cooperating with an investigation by the Wage and Hour Division.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully requests that the Court enter judgment against Defendants and provide the following relief:

a. Issue an order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3);

b. Issue an order requiring Defendants to provide written notice to their employees that they have right to speak to the Wage and Hour Division without fear of retaliation; and

c. Issue an order awarding the Secretary with any other relief the Court deems necessary.

Respectfully submitted,

SEEMA NANDA
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: 615/781-5330
*nash.fedcourt@dol.gov*
*shepherd.matt@dol.gov*
*tag.jennifer.m@dol.gov*

TREMELLE I. HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

/s/ Matt S. Shepherd
MATT S. SHEPHERD
Counsel for Wage and Hour

JENNIFER M.TAG
Trial Attorney

U. S. Department of Labor
Attorneys for Plaintiff