Eastern District of Kentucky
**FILED**
APR 12 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF KENTUCKY

SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MARTIN J. WALSH, <br> Secretary of Labor, United States <br> Department of Labor, <br><br> Plaintiff <br><br> v. <br><br> Z4 FUELS, LLC, PARVEZ KHUTLIWALA, <br> and RAHIM ALI, <br><br> Defendants | Case No. 6:22-cv-00068-REW-HAI |

## CONSENT ORDER AND PERMANENT INJUNCTION

This matter is before the Court on the parties' joint motion for entry of consent order and permanent injunction. The Plaintiff, the Secretary of Labor, filed this action alleging that Defendants violated the anti-retaliation provision of Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3), by taking action against employees who provided information to the Department's Wage and Hour Division during the course of a pending investigation. In order to resolve this matter without further contest, Defendants consent to the entry of a permanent injunction requiring future compliance with the anti-retaliation provision of the Act. In addition, Defendants have agreed to reinstate (from clerk back to manager) the two employees who were demoted as a result of their participation in the investigation. Defendants have further agreed to permit these two employees to work the schedules, which did not include weekend shifts, that they were working prior to the demotions.

Based on the parties' agreement, it is therefore ORDERED, ADJUDGED and DECREED that the Defendants, Z4 Fuels, LLC, Parvez Khutliwala, Rahim Ali, their agents, servants, employees, and all persons in active concert or participation with them, are hereby permanently enjoined from violating the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by

1

retaliating or discriminating against any employee because such employee has participated, may participate or is believed to have participated in a U.S. Department of Labor investigation. This specifically bars Defendants (to mean, all persons covered by this Order), and their agents, servants, employees, and all persons in active concert or participation with them, from threatening, harassing, or disciplining any employee because of that employee's past or future participation in an investigation or because of Defendants' belief that an employee spoke with or intends to speak with a U.S. Department of Labor Wage and Hour representative, filed a complaint or cooperated in any way in a U.S. Department of Labor investigation or otherwise exercised or intends to exercise any right under the Act, including accepting any outcome resulting from this Order or the U.S. Department of Labor's investigation. Defendants may not demand that any participating employee sign papers or enter any agreement regarding an investigation, may not attempt to bar employee participation, and may not coerce any employee or take adverse action toward any employee participating in or believed to be participating in an investigation. Further, Defendants may not surveil or threaten to surveil employees for the purpose of identifying participation in an investigation.

      It is further ORDERED that Defendants shall reinstate (from clerk back to manager or assistant manager, as the case may be) Krista Willett and Jessica Cornett, the two employees who were demoted as a result of their participation in the Department's investigation. Going forward, these two employees shall be permitted to work the schedules that they were working prior to the demotions which did not include weekend shifts. Notwithstanding the forgoing, Defendants shall have the right to monitor the payroll in order to make sure employees are being paid overtime and to ensure that hours are being properly reported to the company responsible for processing the payroll.

It is further ORDERED that each party shall bear their own attorney fees and expenses incurred by such party in connection with any stage of this proceeding, including but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

As this order fully resolves the case, the Clerk is directed to close this matter. However, the Court will retain jurisdiction to enforce this order if necessary. The preliminary injunction hearing scheduled on April 13, 2022 at 1:30 p.m. is cancelled.

*[signature]*

HONORABLE ROBERT E. WIER
UNITED STATES DISTRICT JUDGE